

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8306 | **DATE** | March 26, 2002 |
| **CASE TITLE** | *John A. Baaske vs. City of Rolling Meadows and Philip Burns, Chief of the City of Rolling Meadows Fire Department* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendant City of Rolling Meadows' motion to dismiss plaintiff's complaint [5-1]. The court denies defendant Philip Burns's motion to dismiss [3-1] as moot. The court denies both defendants' requests for attorney's fees. Plaintiff's complaint is dismissed with prejudice. No motions for reconsideration will be entertained.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 27 2002 | date | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 02 MAR 26 PM 5:24 FILED 10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN A. BAASKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 01 C 8306 |
| ) | |
| CITY OF ROLLING MEADOWS and ) | Judge James H. Alesia |
| CHIEF PHILIP BURNS, City of Rolling ) | |
| Meadows Fire Department, ) | |
| ) | |
| Defendants. ) | |

DOCKETED MAR 2 7 2002

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), filed by defendant City of Rolling Meadows ("the City"); (2) the City's request for attorney's fees pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and 42 U.S.C. § 12205; (3) a motion to dismiss, pursuant to Rule 12(b)(6), filed by defendant Philip Burns ("Burns"), the Fire Chief of Rolling Meadows; and (4) Burns's request for attorney's fees pursuant to Rule 11 and 42 U.S.C. § 12205. For the following reasons, the court (1) grants the City's motion to dismiss, (2) denies the City's request for attorney's fees, (3) denies Burns's motion to dismiss as moot, and (4) denies Burns's request for attorney's fees.

## I. BACKGROUND

In August and September 2000, the City renovated one of its firehouses. Plaintiff John Baaske ("Baaske") has filed this lawsuit, alleging that the firehouse renovation did not conform with the requirements of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*. Baaske claims that he brings this action as "an individual who has reasonable grounds to believe that a class of disabled individuals has been and will be denied access to a public building and public accommodations and public events and activities." (Compl. ¶ 6.) He

11

purports to bring this case on behalf of a class of individuals with disabilities. However, Baaske's complaint does not allege that he is disabled.

Baaske brings this case against both the City and Burns. Each defendant has filed a motion to dismiss this case. The City raises two arguments in support of its motion to dismiss: (1) Title III of the ADA does not apply to local governments and other public entities and (2) Baaske does not have standing to bring a claim under Title II of the ADA. Burns moves to dismiss Baaske's claims against him on the grounds that those claims are redundant, as claims filed against a municipal officer in his official capacity. Additionally, both defendants ask the court to award them attorneys' fees. First, the court will address the City's motion to dismiss. Second, the court will consider Burns's motion to dismiss. Third, the court will discuss the defendants' claims for attorneys' fees.

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

### B. The City's Motion to Dismiss

Before evaluating the merits of the City's motion to dismiss, the court must determine which title of the ADA gives rise to Baaske's claims. The ADA is separated into three titles, each of which prohibits disability discrimination in a different context: Title I, 42 U.S.C. §§

12111-17, applies to discrimination in employment; Title II, 42 U.S.C. §§ 12131-65, applies to discrimination in public services; and Title III, 42 U.S.C. §§ 12181-89 applies to discrimination in public accommodations. Baaske makes no allegation regarding discrimination in employment and alleges that the City's renovation violates 42 U.S.C. §§ 12132, 12182, 12183 and 12188. (Compl. ¶ 5.) Therefore, the court's analysis will focus upon Title II and Title III. The City raises two arguments in support of its motion to dismiss: (1) Title III of the ADA does not apply to local governments and other public entities and (2) Baaske does not have standing to bring a claim under Title II of the ADA.

### 1. Baaske's Title III Claims

The City argues that the court should dismiss Baaske's Title III claims against the City because Title III does not apply to municipalities and other public entities. Baaske does not oppose the City's argument.

Title III prohibits owners and operators of public accommodations from discriminating against persons with disabilities. 42 U.S.C. § 12182(a). A "public accommodation," under Title III is a private entity whose operations affect commerce. 42 U.S.C. § 12181(7). A private entity is any entity other than a public entity, as defined by Title II. 42 U.S.C. § 12181(6). Title II's definition of public entity includes both state and local governments as well as their departments and agencies. 42 U.S.C. § 12131. With this statutory language in mind, the court must determine whether Baaske may bring a Title III claim against the City. Neither the Supreme Court nor the Seventh Circuit has directly resolved this issue; therefore, this case appears to be one of first impression in this circuit. However, the Fifth, Sixth, and Eighth Circuits have ruled on the issue and the court will look to the reasonings of those decisions for guidance in this case.

In *Bloom v. Bexar County*, the Fifth Circuit held that the ADA does not apply to public entities, including local governments. 130 F.3d 722, 726 (5th Cir. 1997). The Fifth Circuit emphasized the statutory language of the ADA and concluded that because Title III applies only

to public accommodations, which are private entities, the public entity defendant could not be held liable under Title III. *Id.* at 726. The Eighth and Sixth Circuits have reached the same conclusion. *See DeBord v. Bd of Educ.*, 126 F.3d 1102, 1106 (8th Cir. 1997) ("Title III of the ADA applies to private entities providing public accommodations, however, not to public entities. ... Entities subject to Title III include private schools, but not public ones."); *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1036 (6th Cir. 1995) ("Public accommodations are operated by *private entities*, not public entities. ... Public school grounds and public parks are of course operated by public entities, and thus cannot constitute public accommodations under Title III.") (emphasis in original).

The court agrees with the reasoning of the Fifth, Sixth, and Eighth Circuits and concludes that Title III of the ADA does not apply to public entities. Therefore, Baaske cannot bring a claim against the City under Title III and his claims in this case that rely upon Title III must be dismissed. *See Block v. Rockford Pub. Sch. Dist.*, No. 01 C 50133, 2001 WL 1195757, at *1 (N.D. Ill. Oct. 20, 2001) (applying the Fifth and Eighth Circuits' decisions in concluding that Title III does not apply to public entities). Having concluded that Baaske cannot succeed on claims brought under Title III, the court must now determine whether Baaske can state a claim under Title II of the ADA.

2.   **Baaske's Standing to Raise Title II Claims**

The City argues that Baaske does not have standing to bring this case. Baaske argues that he has standing to bring this case on behalf of the disabled because (1) he is a person "who has reasonable grounds for believing that [a disabled] person is about to be subjected to discrimination" and therefore has standing under 42 U.S.C. § 12188(a)(1) (Pl.'s Resp. to Defs.' Second Mot. to Dismiss Pl.'s Compl. at 3.) and (2) the letter that he received from the Civil Rights Division of the Department of Justice grants him standing in this case. The court will address each of the City's arguments in turn and then turn to Baaske's arguments.

The standing inquiry focuses upon whether a particular litigant is entitled to have the court decide the merits of the dispute and involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). In this case, the court will explore both whether Baaske has constitutional standing to bring this case as well as whether any prudential limitations prevent him from asserting his claims. First, the court will determine whether Baaske satisfies the constitutional standing requirements. Second, the court will decide two issues that will determine whether prudential limitations prevent Baaske from having standing in this case: (1) whether Baaske's claims fall within the "zone of interests" protected by the ADA and (2) whether Baaske satisfies the requirements for third party standing.

### a. Constitutional Standing

For a plaintiff to satisfy the standing requirements of Article III of the Constitution, he must allege: (1) a personal injury, (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) which is likely to be redressed by the requested relief. *Johnson v. Allsteel, Inc.*, 259 F.3d 885, 887 (7th Cir. 2001) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The personal injury must be an actual or imminent injury that is concrete and particularized. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). This means that mere indignation does not suffice to establish standing. *United States v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1022 (7th Cir. 2000).

In this case, Baaske does not allege that he has been personally injured in any way. He alleges only that a group of disabled persons may be injured by the firehouse renovation. Because Baaske does not allege any injury to himself as a result of the renovation, he does not meet the constitutional standing requirement. Furthermore, even if Baaske could satisfy the constitutional requirements for standing, prudential limitations would prevent him from bringing this case, for reasons discussed below, *infra* Sects. II.B.2.b, c.

b.  **Prudential Limitations**

In addition to the constitutional limits on standing, courts also impose prudential limitations on the class of persons who may bring a suit. *Massey*, 196 F.3d at 739 (citing *Warth*, 422 U.S. at 498). Two prudential restrictions are relevant to this case: (1) a plaintiff's claim must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question and (2) a plaintiff must assert his own legal rights and interests and cannot raise the rights of some other person. *Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1059 (7th Cir. 1994) (citing *Allen*, 468 U.S. at 751). First, the court will determine whether Baaske's claim falls within the zone of interests protected by the ADA. Second, the court will evaluate whether Baaske has third party standing to bring this case that seeks to vindicate the rights of a group of disabled persons of which he is not a member.

i.  **Zone of interests**

Even when a plaintiff satisfies the constitutional requirements for standing, prudential limitations may prevent the court from hearing her case if his claim does not fall within the zone of interests protected by the statute he invokes. *Kyles v. J.K. Guardian Sec. Serv., Inc.*, 222 F.3d 289, 294 (7th Cir. 2000) (citing *Assoc. of Data Proc. Servs., Inc. v. Camp*, 397 U.S. 150, 153 (1970)). Congress has authority to control the standing requirements that govern who may assert a federal statutory right. *Kyles*, 222 F.3d at 294. When determining whether a plaintiff's claim falls within the zone of interests protected by a particular statute, courts should first determine which interests the statute protects and then decide whether the plaintiff's interests in that particular case are among those protected interests. *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 469 (7th Cir. 1999). In order to determine whether Baaske's claim in this case falls within the zone of interests protected by Title II of the ADA, the court will first look to the statutory language of Title II and then review decisions of other courts that have

interpreted Title II. *See Id.* at 469-71 (considering both statutory language and case law interpreting that language when making a "zone of interests" determination).

According to Title II, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Title II allows "any person alleging discrimination on the basis of disability in violation of section 12132" to bring an action. 42 U.S.C. § 12133. Title II does not expressly allow a non-disabled individual to bring a discrimination claim against a municipality. Therefore, the court will look to the decisions of other courts to determine whether Baaske, as a non-disabled individual, has standing to bring this case.

As a general rule in this circuit, only an individual with a disability can assert a claim under Title II of the ADA. *Murdock v. Washington*, 193 F.3d 510, 512 (7th Cir. 1999). The Supreme Court and the Seventh Circuit have not addressed the issue of whether any exceptions to this rule allow a non-disabled individual to bring a Title II claim. Therefore, this appears to be an issue of first impression in this circuit.

Other courts in this district have recognized two main exceptions to the general rule that only disabled individuals may bring claims under Title II of the ADA. First, courts have allowed organizations that serve disabled persons to sue public entities under Title II to assert claims that the public entity discriminated against the organization based upon its association with disabled persons. *See, e.g., Access Living of Metro. Chicago v. Chicago Trans. Auth.*, No. 00 C 770, 2001 WL 492473, at *3 (N.D. Ill. May 8, 2001) ("Organizations serving the needs of disabled persons have standing to bring claims under the ADA if they meet Article III's standing requirements, though they are not themselves individuals with disabilities."). Second, courts have allowed individuals who have some relationship to a disabled person to assert Title II claims against public entities when the public entity discriminates against that individual based upon the

individual's relationship to the disabled person. *See, e.g., Micek v. City of Chicago*, No. 98 C 6757, 1999 WL 966970, at *3 (N.D. Ill. Sept. 30, 1999) ("[T]he ADA allows non-disabled individuals to bring claims of discrimination based on their association with disabled individuals."). Baaske does not allege that he brings this case as an organization or association of disabled persons. Therefore, the court need determine only whether Baaske can bring this case based upon a relationship with the disabled persons whose rights he is asserting in this case.

Courts have allowed non-disabled plaintiffs to sue municipalities under Title II of the ADA as long as those plaintiffs allege: (1) a relationship or association with a disabled person and (2) "some specific, separate, and direct injury" that the plaintiff has suffered as a result of his association with the disabled individual. *Micek*, 1999 WL 966970, at *3. In *Micek* the plaintiff was an employee of the defendant city. His son was born with significant hearing loss and needed speech therapy. Micek's employee health insurance refused to cover the cost of the therapy because of the extent of his son's disability and Micek was forced to pay for his son's therapy. Micek sued the city under Title II of the ADA, alleging that the city had denied his claims for health benefits for his family under his employee health insurance based upon the hearing disability of his wife and son. The court noted that Micek could bring a discrimination claim under Title II because of his relationship with his disabled son. However, the court held that Micek lacked standing under the ADA because he had suffered no separate and direct injury because he had received the same insurance coverage as all other city employees. *Id.*, at *3-*4. *See also, Niemeier v. Tri-State Fire Prot. Dist.*, No. 99 C 7391, 2000 WL 1222207, at *4 (N.D. Ill. Aug. 24, 2000) (holding that barrier to plaintiff's ability to reproduce and raise a family with his wife did not constitute a separate injury when insurance company refused to cover cost of fertility treatments for infertile wife); *Simenson v. Hoffman*, No. 95 C 1401, 1995 WL 631804 (N.D. Ill. Oct. 24, 1995) (holding that plaintiff, the father of a disabled child, did not suffer a

separate injury when a doctor refused to treat the disabled child and asked the family to leave the care center). The court finds the reasoning of *Micek, Niemeier,* and *Simenson* persuasive.

Baaske purports to bring this case on behalf of a class of individuals with disabilities. He alleges that the firehouse renovation denies those disabled individuals access to a public building. (Compl. ¶ 6.) Baaske does not allege any relationship or association between himself and the disabled persons. Nor does he allege that he has suffered any separate injury, as defined in *Micek, Niemeier,* and *Simenson,* as a result of the firehouse renovation's alleged noncompliance with the ADA. Accordingly, the court concludes that Baaske's case falls outside the zone of interests that the ADA protects. The court will now look to whether Baaske has third party standing to assert the rights of the disabled individuals on whose behalf he alleges that he brings this case.

### ii. Third party standing

The City argues that Baaske does not have third-party standing to bring this case. Baaske argues that he has standing to bring this case on behalf of the disabled because: (1) the express language of the ADA grants him standing and (2) the letter that he received from the Civil Rights Division of the Department of Justice grants him standing. The court will first address the City's argument and then look to each of Baaske's arguments in turn.

As a general rule, a plaintiff must assert his own legal rights and cannot rely upon the rights of another to provide the basis for his claim for relief. *Massey,* 196 F.3d at 739. However, a plaintiff has third party standing to assert the claims of some other person when he can show: (1) a close relationship between himself and the injured party and (2) some obstacle to the injured party's ability to protect his own interests. *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000) (citing *Powers v. Ohio,* 499 U.S. 400, 411 (1991)). In this case, as already noted *supra* Sect. II.B.2.b, Baaske does not allege any relationship whatsoever between himself and the group of disabled individuals on whose behalf he purports to bring this case. Furthermore,

9

Baaske does not allege that the disabled individuals' ability to protect their interests in access to the firehouse is hindered in any way. Therefore, Baaske does not satisfy the requirements for third party standing to bring this case. The court now turns to Baaske's two arguments.

Baaske argues that 42 U.S.C. § 12188(a)(1) expressly grants him standing in this case because, according to Baaske, it allows "any person ... who has reasonable grounds for believing that [a disabled] person is about to be subjected to discrimination in violation of (this Act)" to sue under the ADA. (Pl.'s Resp. to Defs.' Sec. Mot. to Dismiss Pl.'s Compl. at 3.) He argues that the ADA thus allows any person who reasonably believes that any disabled person is about to suffer discrimination to assert the rights of that disabled person in a lawsuit. Baaske's argument, however, misstates the language of 42 U.S.C. § 12188(a)(1), which states, in relevant part, that remedies are available to "[A]ny person ... who has reasonable grounds for believing that [a disabled] person is about to be subjected to discrimination in violation of *section 12183 of this title*." 42 U.S.C. § 12188(a)(1) (emphasis added). Section 12183 applies to "New construction and alterations in public accommodations and commercial facilities." 42 U.S.C. § 12183. For reasons already explained, *supra* Sect. II.B.1, the City is a public entity and not a public accommodation. Therefore, 42 U.S.C. § 12188(a)(1) does not apply to suits against the City or other public entities. Consequently, the court concludes that 42 U.S.C. § 12188(a)(1) does not give Baaske standing in this case.

Baaske argues also that he has standing to bring this case because the letter that he received from the Civil Rights Division of the Department of Justice states that he has a right to file suit to obtain relief for the ADA violations that he alleges. (Pl.'s Resp. to Defs.' Sec. Mot. to Dismiss Pl.'s Compl., Ex. 1.) Baaske argues that the letter informed him of his right to sue and therefore constituted a grant of standing. He provides no case law to support his argument and the court's own research has not revealed any authority to support his position. The party invoking federal jurisdiction must bear the burden of establishing standing. *Boudreau v. Ryan*,

No. 00 C 5392, 2002 WL 314794, at *3 (N.D. Ill. Feb. 25, 2002) (citing *Lujan*, 504 U.S. at 561). Because Baaske fails to meet this burden with regard to his argument about his letter, the court is unpersuaded by that argument.

The court concludes that Baaske does not have standing to bring this claim under Title II of the ADA. Therefore, the court grants the City's motion to dismiss.

## C. Buns's Motion to Dismiss

Burns moves to dismiss Baaske's claims against him on the grounds that those claims are redundant. However, for reasons already discussed, *supra* Sect. II.B, Baaske does not have standing to bring this case. Therefore, Burns's motion to dismiss is denied as moot.

## D. Attorney's Fees

Both defendants argue that they are entitled to attorney's fees, as a sanction pursuant to Rule 11 and because they are entitled to statutory attorney's fees under 42 U.S.C. § 12205. The defendants base their claim for attorney's fees on their assertion that Baaske's claims were not grounded in law or fact. Baaske responds that defendants are not entitled to attorney's fees because he has not received notice, as required by Rule 11. Plaintiff does not respond to defendants' arguments regarding statutory attorney's fees.

### 1. Rule 11

Rule 11 requires that a motion for sanctions be separate from any other motions or requests. FED. R. CIV. P. 11(c)(1)(A); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996). Additionally, a party's motion for sanctions under Rule 11 first must be served upon the opposing party. *Id.* In this case, the City has not filed a separate motion for Rule 11 sanctions but instead has inserted a request that the court grant attorney's fees at the end of its motion to dismiss. Additionally, the City does not dispute Baaske's argument that it failed to comply with the notice requirement under Rule 11. Because the City failed to comply with the procedural requirements of Rule 11, the court denies its request for attorney's fees under the rule.

11

### 2. Attorney's Fees Under the ADA

Under the ADA, a court has discretion to award a reasonable attorney's fee to a prevailing party. 42 U.S.C. § 12205. When a court grants a defendant's motion to dismiss, that defendant is a "prevailing party" and entitled to receive attorney's fees. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (considering defendant who prevailed on a motion to dismiss in an ADA case a "prevailing party," for purposes of attorney's fees). Awarding attorney's fees to a prevailing defendant in an ADA case is appropriate only when the suit is brought in bad faith or when it is "frivolous, unreasonable, or without foundation." *Id.* The mere fact that a plaintiff loses his case is not a sufficient justification for the assessment of fees against him. *Vitug v. Multistate Tax Comm'n*, 883 F. Supp. 215, 218 (N.D. Ill. 1995) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). Additionally, a plaintiff's erroneous interpretation in a case of first impression should not, without more, lead the court to conclude that the plaintiff's claims are frivolous, unreasonable, or without foundation. *Vitug*, 883 F. Supp. at 221.

In this case, Baaske's claims raised two issues of first impression in this circuit. Therefore, the court cannot conclude that his claims were frivolous, unreasonable or without foundation. *See Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 228 (7th Cir. 1995) (considering whether a plaintiff's case raises an issue of first impression in determining whether that case is frivolous, unreasonable, or without foundation). Accordingly, the court denies the defendants' request for attorney's fees under 42 U.S.C. § 12205.

### III. CONCLUSION

For the reasons set forth herein, the court grants the City's motion to dismiss. Also, the court denies Burns's motion to dismiss as moot. Finally, the court denies both defendants' requests for attorney's fees.

Date: **MAR 2 6 2002**

James H. Alesia
United States District Judge